Mohammad Kalani BN: 225081
Kalani Law Firm, a law corporation
3131 Michelson Drive, Unit 1105
Irvine, CA 92612
Telephone: 949-294-1540
Kalani@kalanilaw.com

Attorney for Plaintiff
Nosrat Tayefeh Rostam

## UNITED STATE DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Nosrat Tayefeh Rostam ) | Case No: |
| DBA: Iranian Film Commission ) | |
| ) | |
| Plaintiff ) | **COMPLAINT FOR COPYRIGHT** |
| ) | **INFRINGEMENT** |
| ) | |
| V. ) | **AND** |
| ) | |
| ) | **INJUNCTIVE RELIEF** |
| Pejman Danaei  D/B/A ) | |
| UKIFF, Inc., UKIFF Limited, UK Iranian Film ) | |
| Festival, Iran Film Council,      . ) | |
| Iranianfilmcouncil.org, IMVBOX.com ) | |
| Iranianfilmcouncil.com ) | |
| Pouya Modiri ) | |
| Maryam Zandi and Doe1 to 5 inclusive ) | |
| ) | |
| Defendants ) | |

# INTRODUCTION

1.      This is an action by Mrs. Nosrat Tayefeh Rostam, a US Citizen, doing business as Iran Film Commission, to recover damages arising from infringement of Iran Film Commission's copyrights by Defendants and to enjoin Defendants from future infringement. Defendants reproduced, distributed and publicly displayed though several internet websites certain Plaintiff's copyright protected materials.

Copyright Complaint                                                                                                          1

# THE PARTIES

2. Plaintiff, Nosrat Tayefeh Rostam is a US and California citizens who run an unincorporated business out of her address in the West Hill California under the name of Iran Film Commission.

3. The plaintiff is engaged in the business of acquiring, owning, publishing, administering, licensing, and/or otherwise exploiting copyrights in films and musical compositions. Plaintiffs invest substantial sums of money, as well as time, effort, and creative talent, to acquire, administer, publish, license and otherwise exploit such copyrights, on their own behalf and/or on behalf of film makers and songwriters and musicians. Plaintiff is the copyright owners or owners of certain copyright protected films and his right have been infringed by the Defendants.

4. Upon information and belief, Pejman Danaei, with principal place of business in London, The United Kingdom, who does business under the now dissolved company UKIFF Incorporated, also known as UKIFF Limited. ("UKIFF') is a British Resident who used other names such as UK Iran Film Council and owns and operates websites under the name of IMVBOX and Iranianfilmcouncil.org

5. Pouya Modiri and Maryam Zandy with a principal place of business in London, England, who acts as the agent of the Defendant Pejman Danaei, believed to be a factious name used by the Defendant Pejman Danaei.

6. The true name of Defendant sued herein as Doe 2 to 5 is unknown to Plaintiff, which sues said Defendant by such fictitious name. Doe 2 uses the pseudonym " Modiri" when participating in the piracy web blog operated by Defendant at IMVBOX.com. If necessary, Plaintiff will seek leave of court to amend this Complaint to state Doe 2's true name when ascertained. Plaintiff is informed and believes and based thereon alleges that Doe 2 to 5 should also be subject to the relief requested herein.

7. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued herein as Does 2 through 5, are unknown to Plaintiff, which sues said Defendants by such fictitious names (the "Doe Defendants" including Doe 1). If necessary, Plaintiff will seek leave of court to amend this Complaint to state their true names and capacitates when ascertained. Plaintiff is informed and believes and based thereon alleges that the Doe Defendants should also be subject to the relief requested herein.

### JURISDICTION and VENUE

8. This Court has subject matter jurisdiction over plaintiffs' Copyright Act claims under 28 U.S.C. §§ 1331, 1332, and 2201. This Court has personal jurisdiction over Defendants under the test established in Calder v. Jones, 465 US 783 (1984), applying Cal. Code Civ. Proc § 410.10. Venue is proper in this District under 28 U.S.C. § 1391(b9.

9. This Court has supplemental jurisdiction over Plaintiff's claims arising under the laws of California pursuant to 28 U.S.C. § 1367(a) because these claims are so related to Plaintiff's claims under Federal Law that they form part of the same case or controversy and derive from a common nucleus of operative fact.

9. The Court has personal jurisdiction over Defendants. All Defendants solicit, transact, and are doing business within the State of California and have committed unlawful and tortuous acts both within and outside the State of California causing injury in California. Plaintiff's claims arise out of the conduct that gives rise to personal jurisdiction over Defendants.

10. Since this matter is based in copyright it may be assigned to any of the three divisions of the District Court for the Central District of California.

### BACKGROUND

11. Technological advances have made it greatly possible to transfer large amounts of

data, including digital video files, by and through the Internet. As Congress and the courts clarify the law and close legal loopholes in order to hold infringers liable for their actions, would-be infringers develop new and often increasingly complex means of engaging in piracy, hoping that the complexity of their systems will assist them to avoid detection, identification and prosecution. Defendants' operation represents one of the latest incarnations of on-line digital piracy.

12. To facilitate the efficient transfer of unauthorized copies of audiovisual files, Defendant first obtains a copy of the film /music works and employs specialized technology to strip any protective measures from the work in order that the digital files can be reproduced, transferred and viewed without limitation. This process is commonly referred to as "ripping".

13. To distribute the newly ripped pirated versions of the works, Defendant must place the files on storage devices that are accessible to others. A personal computer is not a satisfactory means of distribution due to the size of the film/music as personal computer has a limited capacity and only a large capacity computer system could simultaneously transfer multiple copies of numerous audiovisual works at an acceptable transfer rate. In addition, a personal computer is readily detectable, and an infringer is easily known by tracing the illegal activities.

14. Therefore, after making illegal ripping, as described above of film/music work, Defendant places the unauthorized copies with one of many commercial companies offering computer server space for hosting digital files. Defendant places the unauthorized copies he creates on servers operated by one British based company, namely Webfusion (WWW.webfusion.co.UK) and one US based company, Fastly (WWW.fastly.com) both these servers operates websites IMVBOX.com and Iranianfilmcouncil.org located at their respective domain, **websufsion.co.uk and fastly.com**. Each time Defendant uploads a video file to either of these sites, Webfusion and Fastly provide him with a unique link identifying the exact location of the file on their website servers.

Copyright Complaint 4

15.     Webfusion and Fastly do not index digital files placed on their system or provide any searching services. Consequently, to locate a file, one must have the exact file location or "link". In order to distribute the files to others, Defendant provides the webfusion and/or Fastly links so they can locate the infringing files on respective servers and download the files to their personal computers for unlimited viewing and further distribution.

16.     When viewers enter the link into an Internet browser (or click on a copy of the link while viewing a webpage) they are directed to the location on Webfusion or Fastly servers where the file is located. Recipients can then download the unauthorized copies to their personal computers for unlimited viewing.

17.     To distribute the links to as many people as possible, as efficiently as possible, Defendant creates and operates various online piracy web blogs. Through these web blogs, Defendant publishes pictures and descriptions of the pirated works along with the servers links where he stores the unauthorized copies. On a daily basis, Defendant provides new descriptions, pictures and links to infringing files.

18.     Viewers visiting Defendant's' piracy websites can simply click on the links he lists thereon and those users are directed to the servers location where they can download the digital files they wish to view for free.

19.     Plaintiff has listed all the known infringements by the Defendant as an attachment to this complaint.

20.     Concurrent with filing this Complaint, Plaintiff will serve notice to Webfusion.com, and Fastly.com the service provider currently hosting Defendant's websites IMVBOX.com and iranianfilmcouncil.org. The Notice will request that service providers block access to or remove all links to infringing copies of plaintiff's works. A true and complete copy of that Notice is attached hereto as Exhibit A.

21.     Plaintiff owns or has the exclusive rights to administer or publish the copyrights

in numerous popular works. In an effort to combat the massive pirating of their copyrighted works. Plaintiffs regularly check the internet to identify infringement and the perpetrators of these infringements (by IP address, port number, time, and date) by monitoring internet and extracting information about the infringing activity, including, inter alia, the IP address, internet service provider, the infringing content being uploaded or downloaded, and the suspected location of the host computer.

22. Since 2012, Plaintiffs, through their monitoring, have notified providers of serving services of specific instances of first-time and repeat copyright infringement committed by their clients and requested that they notify users of their infringements.

23. Service providers are required under the Digital Millennium Copyright Act ("DMCA") to implement and maintain a policy that provides for the termination of subscribers and account holders that are repeat copyright infrngers in order to maintain the safe harbor protection afforded by the DMCA from copyright infringement claims. This requirement is designed to effectuate one of the purposes of the DMCA that "those who repeatedly or flagrantly abuse their access to the Internet through disrespect for the intellectual property rights of others should know that there is a realistic threat of losing that access." H.R. Rep. No. 105-551, pt. 2, at 61.

24. Defendants have been notified by Plaintiff, through their agent often of thousands of repeated and blatant infringements of Plaintiffs' copyrighted. Despite these notices and its actual knowledge of repeat infringements, Defendant has continued to permit its repeat infringements.

## CLAIMS FOR RELIEF

### Count I- Willfully Infringed Plaintiff's Copyrights

25. Defendants infringed the copyrights belonging to Plaintiff by reproducing, distributing and/or publicly displaying the works by and through various piracy websites without proper approval or authorization of Plaintiff.

26. Defendants knew the infringed works belonged to Plaintiff and that they did not have permission to exploit Plaintiff's copyrights.

27. Each of the Doe Defendants' distributed Plaintiff's works by and through the piracy where Plaintiff's efforts to prevent infringement of its works was openly discussed, where Plaintiff's anti-piracy measures were ridiculed and mocked, and where tactics were specifically designed and employed to make it difficult for Plaintiff to detect the illegal activity.

28. Defendants knew their acts constituted copyright infringement.

29. Defendants' conduct was willful within the meaning of the Copyright Act.

30. As a result of their wrongful conduct, Defendants are liable to Plaintiff for copyright infringement pursuant to 17 U.S.C. § 501. Plaintiff has suffered, and will continue to suffer, substantial losses, including but not limited to damage to its business reputation and goodwill.

31. Plaintiff is entitled to recover damages, which include its losses and any and all profits Defendants have made as a result of its wrongful conduct. 17 U.S.C. § 504. Alternatively, Plaintiff is entitled to statutory damages under 17 U.S.C. § 504(c).

32. In addition, because Defendants' infringement was willful, the award of statutory damages should be enhanced in accordance with 17 U.S.C. § 504(c)(2).

33. Plaintiff is entitled to recover its attorneys' fees and costs of suit pursuant to 17 U.S.C. § 505.

### Count II - Contributory Infringement of Copyright

34. Plaintiffs incorporate herein by reference each and every averment contained in paragraphs 1 through 33, inclusive.

Copyright Complaint         7

35. The Plaintiff's Copyrights are directly infringed each time a subscriber of websites IMVBOX.com or Iranianfilmcouncil.org, without authorization uploads or views through the Defendant system a copyrighted work. By providing the site and facilities necessary for its subscribers to commit direct copyright infringement, by providing access to the Internet and the pipes, system, and technology that allows for the storage and transmission of data, Defendants have and continues to materially contribute to the unauthorized reproductions and distributions by its viewer.

36. Defendant's acts of infringement have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiffs' rights.

37. As a direct and proximate result of Defendant's infringements of Plaintiffs' copyrights and exclusive rights under copyright, Plaintiffs are entitled to damages and Defendant's profits pursuant to 17 U.S.C. § 504(b) for each infringement.

38. Alternatively, Plaintiffs are entitled to the maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to each work infringed, or such other amounts as may be proper under 17 U.S.C. § 504(c).

39. Plaintiffs further are entitled to their attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

40. Defendant's conduct is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiffs great and irreparable injury that cannot fully be compensated or measured in money. Plaintiffs have no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiffs are entitled to injunctive relief prohibiting further contributory infringements of Plaintiffs' copyrights.

**Count III - Vicarious Infringement of Copyright**

41.     Plaintiffs incorporate herein by reference each and every averment contained in paragraphs 1 through 40, inclusive.

42      Defendants haves not acted reasonably or in good faith in response to Plaintiffs' notices of infringement and repeat infringement.

43.     Defendants' acts of infringement have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiffs' rights.

44.     As a direct and proximate result of Defendants vicarious infringements of Plaintiffs' copyrights and exclusive rights under copyright, Plaintiffs are entitled to damages and Defendants' profits pursuant to 17 U.S.C. § 504(b) for each infringement.

45.     Alternatively, Plaintiffs are entitled to the maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to each work infringed, or such other amounts as may be proper under 17 U.S.C. § 504(c).

46.     Plaintiffs further are entitled to their attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

47.     Defendants' conduct is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiffs great and irreparable injury that cannot fully be compensated or measured in money. Plaintiffs have no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiffs are entitled to injunctive relief prohibiting further contributory infringements of Plaintiffs' Copyrights.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:
   a. For entry of judgment against Defendants for all damages to which Plaintiffs may be entitled, including Defendants' profits and for damages in an amount as may be

    proven at trial. Alternatively, at Plaintiffs' election, for the maximum statutory damages amount allowed by law for all individual copyright infringements involved in this action with respect to any one work, or for such other amount as may be proper pursuant to 17 U.S.C. § 504(c);

b. For a permanent injunction enjoining Defendants and their respective officers, agents, servants, employees, attorneys, successors, licensees, partners, and assigns, and all persons acting in concert or participation with each or any of them, from (i) directly or indirectly infringing in any manner any of Plaintiffs' respective copyrights or other exclusive rights (whether now in existence or hereafter created), including without limitation, copyrights or exclusive rights under copyright in the Copyrighted Musical Compositions, and (ii) causing, contributing to, enabling, facilitating, or participating in the infringement of any of Plaintiffs' respective copyrights or other exclusive rights (whether now in existence or hereafter created);

c. For an order directing defendant to promptly forward plaintiffs' infringement notices to their subscribers;

d. For prejudgment and post-judgment interest according to law;

e. For Plaintiff's attorney's fees, and full costs and disbursements in this action; and

f. For such other and further relief as the Court may deem proper and just.

Date: March 4, 2016

                                      Respectfully submitted,

                                      *Mohammad Kalani*

                                      Mohammad Kalani
                                      Attorney for plaintiff